UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

In Admiralty

**Marmac, LLC,**
**d/b/a McDonough Marine Services,**

      Plaintiff,

V.                                              Civil Action No. 2:23-cv-

**HALO Maritime Defense Systems, Inc.,**

      Defendant,

**and**

**The United States Patent and Trademark Office,**

      Garnishee.

### MEMORANDUM IN SUPPORT OF MOTION FOR ORDER AUTHORIZING ISSUANCE OF PROCESS OF MARITIME ATTACHMENT AND GARNISHMENT

Plaintiff Marmac, LLC, ("McDonough") respectfully moves, pursuant to Rule B of the Supplemental Rules for Maritime Claims and Asset Forfeiture of the Federal Rules of Civil Procedure, for an Order directing the Clerk to issue Process of Maritime Attachment and Garnishment ("Writ") to the United States Patent and Trademark Office, (the "Patent Office" or "Garnishee"), and providing further that the Clerk may issue additional Writs upon application by Plaintiff. In support of this motion, Plaintiff states the following:

In order for a maritime attachment to issue, the following conditions must be met: (1) the party seeking to effect attachment has a *prima facie* valid admiralty claim, (2) defendant cannot be found within the district, (3) defendant owns tangible or intangible personal property that can be found within the district, (4) there is no statutory or maritime bar to the attachment. *Tango Marine S.A. v. Elephant Grp., Ltd.*, 431 F. Supp. 3d 726, 729 (E.D. Va. 2020) (citing Rule B(1)(a);

1

*Vitol, S.A. v. Primerose Shipping Co.*, 708 F.3d 527, 541 (4th Cir. 2013); Thomas J. Schoenbaum, Admiralty and Maritime Law § 21:3 (6th ed.)).

Plaintiff has filed a Verified Complaint with affidavit and exhibits demonstrating 1) the existence of a maritime contract between McDonough and Defendant HALO Maritime Defense Systems, Inc., ("HALO"), the breach of said contract by HALO, and damages giving rise to a maritime claim; 2) that HALO cannot found in the District within the meaning of this District's Local Admiralty Rules; 3) that HALO owns the property clearly identified and subject to process for attachment and garnishment within the District; and 4) there is no maritime or statutory bar to attachment. McDonough has satisfied the conditions for a Rule B attachment, and this Court should grant the Motion for Order Authorizing Issuance of Process of Maritime Attachment and Garnishment and direct the Clerk to issue the Writ requested.

I. PLAINTIFF HAS ALLEGED A MARITIME CLAIM UNDER THE RULES FOR MARITIME ATTACHMENT AND GARNISHMENT

In order to obtain a writ of attachment, the plaintiff must plead – in a verified complaint and affidavit – legally sufficient facts to support a conclusion that it is entitled to the requested relief. Rule B(1); *Tango Marine S.A.*, 431 F. Supp. 3d at 729. The verified complaint must state the circumstances from which the claim arises with such particularity that the defendant or claimant will be able, without moving for a more definite statement, to commence an investigation of the facts and to frame a responsive pleading. Rule E(2)(a). If the court reviewing the complaint finds the pleading sufficient under the rule, the writ of attachment shall issue.

Plaintiff's exhibit A to the Complaint is styled a Master Bareboat Charter, which is a type of charterparty for the hire of barges on an episodic basis. "Without doubt a contract for hire either of a ship or of the sailors and officers to man her is within the admiralty jurisdiction." *Kossick v. United Fruit Co.*, 365 U.S. 731, 735 (1961). Breach of a maritime contract is unquestionably a *prima*

*facie* valid maritime claim. Plaintiff's Exhibit B demonstrates that hire from the furnishment of barges and related maritime services accrued over the course of a year and HALO's amounts owing. *See* Compl. ¶¶ 11-14. Accordingly, McDonough has made a *prima facie* valid admiralty claim.

II.     PLAINTIFF HAS SHOWN THAT THE DEFENDANT CANNOT BE FOUND WITHIN THE DISTRICT

The Advisory Committee's Notes points out that the rules have never defined, nor attempt to define, the clause "shall not be found within the district" used in Rule B, preferring to leave the subject open for development on a case-by-case basis. *See Maritrans Operating Partners Ltd. P'ship v. M/V Balsa 37*, 64 F.3d 150, 153-54 (4th Cir. 1995) (construing a previous version of the Eastern District of Virginia's local rule). Jurisdictions are free to adopt and promulgate a local admiralty rule, pursuant to the District's authority to "adopt and amend rules governing its practice." Fed. R. Civ. P. 83. This Court's local rule states that a defendant "cannot be found within the district" when service of process cannot be effected upon an authorized officer or agent within the Commonwealth of Virginia, even when service could be accomplished through the Clerk of the State Corporation Commission, or the Secretary of Commonwealth, or the Virginia long arm statute. *See Tango Marine S.A.*, 431 F. Supp. 3d at 729 (citing LAR (b)(1)).

The Verified Complaint alleges that HALO is incorporated in the State of Delaware, with its principal place of business in New Hampshire. *See* Compl. ¶2. The Virginia State Corporation Commission has no corporate registration for HALO and no registered agent for service. *See* Verification II (DOC 1-4). HALO's "World Headquarters" is in Newtown, New Hampshire, and it maintains offices in the Kingdom of Bahrain and Abu Dhabi, United Arab Emirates, and none of its officers are domiciled in Virginia. *Id.* The only way to serve HALO is through Virginia's long arm statute; therefore, HALO cannot be found within the District for the purposes of Rule B.

3

### III. PLAINTIFF HAS IDENTIFIED DEFENDANT'S PROPERTY IN THE HANDS OF A GARNISHEE WITHIN THE DISTRICT

#### a. *Specificity of patents as property subject to attachment*

A plaintiff seeking maritime attachment must show to the satisfaction of the Court that the property belongs to the defendant or the garnishee. LAR (b)(3). Plaintiff has alleged that, through original application or assignment, HALO is the owner of twenty-four patents issued by the United States Patent and Trademark Office and identifies those patents by their unique numbers. *See* Compl. ¶23. Patents are a form of intangible personal property. 35 U.S.C. § 261. "[T]itle to it can pass only by assignment." *United States v. Dubilier Condenser Corp.*, 289 U.S. 178, 187 (1933) (speaking from first principles to limit government "shop rights" from its employees). Although 35 U.S.C. § 261 establishes that patents are personal property, it also adopts the principles of real property recording acts, protecting a bona fide purchaser for value who records with the Patent Office first from unrecorded interests. *Filmtec Corp. v. Allied-Signal Inc.*, 939 F.2d 1568, 1573-74 (Fed. Cir. 1991). "Although the statute does not expressly so say, it is clear that the statute is intended to cut off prior legal interests." *Id.* Therefore, the Court is assured that the issued patents showing HALO as applicant or assignee are HALO's property.

#### b. *Patent Office is a Garnishee "found within the District"*

In order for HALO's twenty-four patents to be garnished under Rule B, the Patent Office must qualify as the garnishee of Defendant's patents, and the Patent Office must be found within the District. A garnishee is "a person or institution" that is "indebted to or is bailee for another whose property has been subjected to garnishment." *See* Black's Law Dictionary, (11th ed. 2019). This accords with one of the meanings of "to garnish," which is to "notify (a person, bank, etc.) that a garnishment proceeding has been undertaken and that the one receiving notice may be liable

as stakeholder or custodian of the defendant's property." *Id.* The Patent Office is the sole authority in the United States for granting and issuing of patents and disseminating information to the public with respect to patents. 35 U.S.C. §§ 1(a) & 2(a). Thus, the Patent Office has the authority and control of a garnishee.

In an action where the property identified in the process of maritime attachment or garnishment is not delivered up to the process server by the garnishee – as would be relevant to HALO's patents – "the process shall be served sufficiently by leaving a copy of the process with the defendant, garnishee and possessor, at his or her residence or usual place of business. When the return of service shows that process was so served…the Court may proceed to hear and decide the case." LAR (b)(3). The Patent Office is a resident of the district in which its principal office is located, except where jurisdiction is otherwise provided by law. 35 U.S.C. § 1(b). The principal office is located in Alexandria, Virginia. *Id.*; Compl. ¶3; *see also* 37 C.F.R. § 104.2.(b) and § 104.12. Therefore, the named garnishee in the Verified Complaint is found within the District as provided by this Court's local rule.

IV. THERE IS NO STATUTORY OR MARITIME RULE OF DECISION BARRING THE ATTACHMENT OF DEFENDANT'S INTELLECTUAL PROPERTY

No court sitting in admiralty has ruled on the use of maritime attachment with respect to patents; however, nothing in the Patent Act, or relevant regulation, can be found to prohibit it. Although intangible, patents are a property interest subject to involuntary transfer. *See, e.g., Ropes & Gray LLP v. Jalbert*, 910 N.E.2d 330, 339 (Mass. 2009) (holding state's lien statute attaches to patents and patent applications and proceeds from patents); *Ager v. Murray*, 105 U.S. 126, 130 (1881) (patents may be sold to satisfy judgment against a debtor by court-appointed trustee); *McClaskey v. Harbison-Walker Refractories Co.*, 138 F.2d 493, 493 (3d Cir. 1943) (sheriff's sale of patents under writ of *fieri facias* transferred title to purchaser); *accord Skycam, LLC v. Bennett*,

5

62 F. Supp. 3d 1261, 1264 (N.D. Okla. 2014) (discussing modern jurisprudence on involuntary transfer of patent rights).

There are antiquated controversies regarding the ability of patents to satisfy secured debt and in what priority. For example, in *Ager v. Murray*, before the unification of law and equity the Supreme Court ruled that the common law was not competent to transfer ownership of a debtor's patents but the court of chancery was competent.[1] The Court emphasized that the Patent Act, "securing a sole and exclusive right to the patentee, [does] not exonerate the right and property thereby acquired from liability to be subjected by <u>suitable judicial proceedings</u> to the payment of debts." *Ager v. Murray*, 105 U.S. at 128 (emphasis added). This action in admiralty is a suitable proceeding because admiralty practice has frequently used attachment to gain security in various intangible property rights that manifest in a legal privilege in the debtor or a third person. *See, e.g.*, *Redbrick Ventures v. Cac Mar.*, No. 1:21-00083-KD-M, 2021 U.S. Dist. LEXIS 247077 (S.D. Ala. Feb. 27, 2021) (granting attachment of bank accounts, checks, payments, freights, advances and disbursements for services, port costs, hire and vessel calls, goods, documents of title, shares of stock or other financial instruments); *Dominion Bulk Int'l S.A. v. Naviera Panoceanica, S.A.C.*, No. 06 Civ. 6854 (LAP), 2006 WL 3408799 (S.D.N.Y. Nov. 21, 2006) (attachment of a lienholder's interest in subfreights); *Gowen, Inc. v. F/V Quality One*, Civil No. 99-371-P-C, 2000 U.S. Dist. LEXIS 8587 (D. Me. June 14, 2000), *aff'd*, 244 F.3d 64, 69 (1st Cir. 2001) (fishing permits); *United States v. F/V Sylvester F. Whalen*, 217 F. Supp. 916, 917 (D. Me. 1963) (leased equipment); *accord Stewart & Stevenson Servs., Inc. v. M/V Chris Way MacMillan*, 890 F. Supp. 552, 561 (N.D. Miss. 1995).

---

[1] In *McClaskey v. Harbison-Walker Refractories Co.*, 138 F.3d 493 (3rd Cir. 1943) the Third Circuit read Pennsylvania law to qualify the sheriff as the "legal representative" under 35 U.S.C. § 261 able to pass title on behalf of the owner.

At one time, collateralized patents were in the nature of mortgages. *Waterman v. Mackenzie*, 138 U.S. 252, 258 (1891). Although *Waterman* does not hold that every security interests must be recorded in the Patent Office to perfect, at minimum *Waterman* stands for the proposition that a bona fide purchaser holding a duly recorded conveyance of the ownership rights in a patent or a mortgagee who has recorded its interest as a transfer of title with the Patent Office will defeat the interests of a secured creditor of the grantor or mortgagor who has not filed notice of its security interest in the Patent Office. *Moldo v. Matsco, Inc. (In re Cybernetic Servs.)*, 239 B.R. 917, 920 n.8 (B.A.P. 9th Cir. 1999) (citing *In re Transp. Design & Tech., Inc.*, 48 B.R. 635, 639 (Bankr. S.D. Cal. 1985)). Therefore, no statute or admiralty rule bars the garnishment of the Patent Office, and this Court may do justice by the parties.

WHEREFORE, Plaintiff McDonough prays this Court use its admiralty powers to direct the Clerk to issue Process of Maritime Attachment and Garnishment to the United States Patent and Trademark Office, and any later identified garnishees in custody of HALO's property, up to the value of Plaintiff's claim, and grant any such other relief as is just and proper.

DATED: December 21, 2023   **MARMAC, LLC d/b/a McDONOUGH MARINE SERVICES,**

By: */s/ Christopher M. Seelie*
Patrick M. Brogan (VSB No. 28145)
Christopher Seelie (VSB No. 99544)
Kaufman & Canoles, P.C.
150 West Main Street, Suite 2100
Norfolk, VA 23510
T: (757) 624-3000
F: (888) 360-9092
pmbrogan@kaufcan.com
cmseelie@kaufcan.com
*Counsel for Plaintiff*