IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

MARMAC, LLC, d/b/a MCDONOUGH
MARINE SERVICES,

    Plaintiff,

v.                                                                               Civil Action No. 2:23-cv-680

HALO MARITIME DEFENSE
SYSTEMS, INC.,

    Defendant,

and

THE UNITED STATES PATENT AND
TRADEMARK OFFICE,

    Garnishee.

## MEMORANDUM ORDER

This matter is before the Court on Plaintiff MARMAC, LLC's, d/b/a McDonough Marine Services ("McDonough") Motion for Default Judgment. Mot., ECF No. 24. For the reasons stated below, the Court GRANTS the Motion and DIRECTS that default judgment be entered against Defendant HALO Maritime Defense Systems, Inc. ("HALO") in the amounts detailed below.

### I.    BACKGROUND

McDonough filed a Verified Complaint alleging that HALO breached the parties' Master Bareboat Charter Agreement ("Agreement") wherein HALO agreed, among other things, to pay monthly charter hire for barges furnished by McDonough.[1] Compl. ¶¶ 10–11, ECF No. 1. Under

---

[1]    A copy of the Agreement, signed by both parties, is attached to the Verified Complaint. ECF No. 1-2.

the terms of the Agreement, McDonough alleges that HALO owes it $139,841.32 for unpaid charter hire, towage, and cleaning fees. *Id.* ¶ 20. HALO has not paid these costs. *Id.* ¶¶ 19–20.

On the same day it filed its Verified Complaint, McDonough filed a Motion for Rule B Attachment. ECF No. 3. Supplemental Admiralty Rule B allows the attachment of "the defendant's tangible or intangible personal property" when a defendant cannot be found in the district. Fed. R. Civ. P. Suppl. Admiralty R. B(1)(a). This Court ordered the Clerk of Court to issue a Process of Maritime Attachment and Garnishment against all tangible or intangible property, up to $159,555.49, belonging to HALO, including the twenty-four patents within the custody or control of the United States Patent and Trademark Office ("USPTO"). Order at 2, ECF No. 11; *see* Compl. ¶ 22 (listing patents). The Writ for Maritime Attachment and Garnishment was issued by the Clerk of Court and served on the USPTO. ECF Nos. 14, 17. Then, on January 23, 2025, McDonough served HALO at the office of its Registered Agent, the Corporation Trust Company. ECF No. 23. HALO failed to answer or file a responsive pleading. *See* Fed. R. Civ. P. 12(a)(1) (a defendant has 21 days after being served to file an answer or other responsive pleading).

Following service of the Writ for Maritime Attachment and Garnishment and after the time had passed for HALO to file an answer or responsive pleading to the Verified Complaint, McDonough filed a Request for Entry of Default. ECF No. 19. The Clerk entered default shortly thereafter. ECF No. 20. McDonough then filed its Second Motion for Default.[2] ECF No. 24. HALO has not responded to the Second Motion for Default, and the time for it to do so has passed. McDonough moves for entry of default judgment, seeking the principal sum of $139,841.32,

---

[2]  McDonough previously filed a Motion for Default, ECF No. 21, which this Court denied without prejudice after finding that McDonough had not provided sufficient proof of compliance with Supplemental Admiralty Rule B(2)'s notice requirements because the Proof of Service McDonough filed did not indicate that HALO had been served with the process of attachment of garnishment as required. Order at 2, ECF No. 22.

attorneys' fees of $50,321.85, and interest. Mot. ¶ 38. McDonough supports this request with an affidavit from Craig Brewer, a representative of McDonough, who attested that the amount owed for unpaid charter hire is $109,008.81, plus $28,132.51 for towage, plus $2,700 for cleaning fees. Brewer Aff. ¶ 9, ECF No. 21-1. Brewer further attested to the validity of the additional exhibits. *Id.* ¶¶ 4, 9, 11. Those additional exhibits include copies of the Charter Orders for each barge HALO chartered from McDonough under the Agreement, *see* Charter Orders PRJ2419, PRJ2420, PRJ2425, and PRJ2441, ECF Nos. 21-2, 21-3, 21-4, 21-5; a spreadsheet detailing unpaid charter hire, towage, and cleaning fees, ECF No. 21-6; and three itemized invoices for attorneys' fees, ECF Nos. 21-7, 21-8, 21-9.

## II.   LEGAL STANDARD

The Clerk must enter default when a defendant "fail[s] to plead or otherwise defend" against an action, "and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). After securing the Clerk's entry of default, when the plaintiff's claim is not for a sum certain, "the [plaintiff] must apply to the court for default judgment." Fed. R. Civ. P. 55(b)(2). Whether to grant default judgment is within the court's discretion. *See United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982).

In cases where a Defendant's property is attached under Supplemental Admiralty Rule B, no default judgment may be entered in the action except upon proof that:

> (a) the complaint, summons, and process of attachment or garnishment have been served on the defendant in a manner authorized by Rule 4;
> (b) the plaintiff or the garnishee has mailed to the defendant the complaint, summons, and process of attachment or garnishment, using any form of mail requiring a return receipt; or
> (c) the plaintiff or the garnishee has tried diligently to give the notice of the action to the defendant but could not do so.

Fed. R. Civ. P. Suppl. Admiralty R. B(2). McDonough filed an Affidavit of Service on HALO showing that HALO's registered agent was served the "Verified Complaint with Request for Rule

3

B Attachment with Exhibits 1-4; Summons in a Civil Case; Order Authorizing Issuance of Process of Maritime Attachment and Garnishment; Writ for Maritime Attachment and Garnishment; Affidavit of Service on the U.S. Patent and Trademark Office" on January 23, 2025. ECF No. 23. Having found that McDonough has satisfied Supplemental Admiralty Rule B, this Court may consider whether to enter default judgment.

By defaulting, a defendant "admits the plaintiff's well-pleaded allegations of fact," leaving the district court to "determine whether the well-pleaded allegations in [the] complaint support the relief sought." *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001) (internal citations omitted). To reach this determination, a court must "examine the essential elements of the plaintiff's claims and determine whether the plaintiff has pled facts sufficient to satisfy those elements." *Wilcox v. Transmodal Sols., LLC*, 473 F. Supp. 3d 574, 582 (cleaned up). A plaintiff has pled sufficient facts when the complaint states "a claim to relief that is plausible on its face." *JTH Tax, Inc. v. Grabert*, 8 F. Supp. 3d 731, 736 (E.D. Va. 2014) (internal quotation marks and citations omitted) (applying the *Twombly* and *Iqbal* plausibility standard in the context of default judgment). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ba v. Ridenhour*, No. 1:15-cv-1669, 2016 WL 8669790, at *1 (E.D. Va. Sept. 9, 2016) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009)).

Although a defendant in default admits the plaintiff's well-pleaded allegations as true, "a party who defaults does not admit the allegations in the claim as to the amount of damages." *S. Bank and Trust Co. v. Pride Grp., LLC*, No. 2:14-cv-255, 2015 WL 410726, at *4 (E.D. Va. Jan. 28, 2015); *see* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."). "For

that reason, after a district court concludes that liability is established, it must then independently calculate the appropriate amount of damages." *S. Bank and Trust Co.*, 2015 WL 410726, at *4 (citing *Ryan*, 253 F.3d at 780–81).

### III.   ANALYSIS

This Court has both subject matter jurisdiction and personal jurisdiction over HALO. Federal district courts have original jurisdiction in admiralty or maritime cases. *See* 28 U.S.C. § 1333. Contracts like the Agreement at issue in this case have routinely been held to be maritime contracts so as to implicate the Court's admiralty jurisdiction. *See Flota Maritime Browning de Cuba, Sociadad Anonima v. Snobl*, 363 F.2d 733, 735 (4th Cir. 1966) ("The charter of a vessel . . . is maritime."); *Flame S.A. v. Freight Bulk Pte. Ltd.*, 807 F.3d 572, 581 (4th Cir. 2015) (noting the breach of a charter party is "indisputably" a maritime contract). Accordingly, the Court finds it has subject matter jurisdiction.

This Court has personal jurisdiction over HALO under Supplemental Admiralty Rule B. Fed. R. Civ. P. Suppl. Admiralty R. B(1). "[When] a defendant cannot be served in the forum district, he may nevertheless be subject to the Court's authority if he owns personal property located within the forum district." *Tango Marine, S.A. v. Elephant Grp. Ltd.*, 431 F. Supp. 3d 726, 728 (E.D. Va. 2020); *see also Woodlands Ltd v. Nationsbank, N.A.*, 164 F.3d 628, 1998 WL 682156, at *4 (4th Cir. 1998) (Table) ("In a Rule B attachment case, jurisdiction is derived from the attachment of the property of the defendant. A Rule B attachment is, therefore, a *quasi in rem* action instituted for the purpose of (1) asserting jurisdiction over the defendant in personam through the property and (2) to assure satisfaction of any judgment."). Rule B requires that the service be effectuated in a manner consistent with Rule 4 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. Suppl. Admiralty R. B(2)(a). Rule 4(h) provides that a corporation may be served

5

in a judicial district of the United States either in the manner prescribed by Rule 4(e)(1) for serving an individual, or by delivering a copy of the summons and complaint to an officer, managing or general agent, or any other agent authorized by law to received service of process. Fed. R. Civ. P. 4(h)(1). McDonough served HALO at the office of its Registered Agent, the Corporation Trust Company. ECF No. 23. Therefore, McDonough properly served HALO. *See 4D-Enterprises, LLC v. Aalto Hyperbaric Oxygen, Inc.*, No. 1:19-cv-1504, 2021 WL 8085532, at *2 (E.D. Va. Mar. 10, 2021), *report and recommendation adopted*, 2021 WL 8444636 (E.D. Va. Mar. 25, 2021). Accordingly, this Court finds that it has personal jurisdiction over HALO.

The parties agreed that the Agreement's terms and conditions, and the rights and obligations of the parties, shall be governed by the General Maritime Law, and in the event the General Maritime Law does not apply, by Virginia law. Agreement ¶ 16(A). "[A]bsent compelling reasons of public policy, a choice-of-law provision in a maritime contract should be enforced." *Triton Marine Fuels Ltd., S.A. v. M/V PACIFIC CHUKOTKA*, 575 F. 3d 409, 415 (4th Cir. 2009) (citation omitted). Accordingly, the General Maritime Law, supplemented by Virginia law, when necessary, will govern.

**A. Liability**

McDonough requests that this Court enter default judgment against HALO for breaching the Agreement. Mot. ¶ 39. To prevail on a breach of maritime contract action, a plaintiff must allege "(1) the terms of the maritime contract; (2) that the contract was breached; and (3) the reasonable value of purported damages." *MP Leasing Corp. v. Colonna's Shipyard*, No. 2:07-cv-273, 2009 WL 2581575, at *3 (E.D. Va. May 8, 2009); *FE Partners, LLC v. Chesapeake Boat Works, LLC*, No. 4:16-cv-188, 2017 WL 11743721, at *4 (E.D. Va. Aug. 31, 2017); *Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1249 (11th Cir. 2005).

Assuming the truth of the well-pleaded facts stated in McDonough's Verified Complaint, the Court finds that McDonough has sufficiently pled the terms of the Agreement between HALO and McDonough, that HALO breached the Agreement by failing to pay McDonough for services rendered, and that McDonough has demonstrated the reasonable value of its damages. McDonough provided the Court the Agreement, signed by both parties, and the Charter Orders, incorporating the terms and conditions of the Agreement, showing that HALO chartered four barges from McDonough, ECF Nos. 21-2, 21-3, 21-4, 21-5, Brewer's Affidavit declaring that HALO has failed to pay McDonough for its services and attesting to the amount of those unpaid services, ECF No. 21-1, along with a spreadsheet detailing the invoices sent to HALO and the outstanding balance owed to McDonough, ECF No. 21-6. Based on the foregoing, McDonough has pleaded sufficient facts as to each required element, allowing this Court to make the reasonable inference that McDonough and HALO entered into the Agreement, that HALO breached the Agreement, and that McDonough suffered damages as a result.

**B. Damages**

Finding that HALO is liable for the conduct alleged by McDonough, the Court now examines what, if any, damages are appropriate. *S. Bank and Trust Co.*, 2015 WL 410726, at *4. McDonough seeks $139,841.32 in actual damages, $45,427.27 in interest, and $50,321.85 in attorneys' fees. Mot. ¶ 38. The Court will address each damages request in turn.

1. Actual Damages

McDonough seeks $139,841.32 in actual damages, representing the total amount owed by HALO for unpaid charter hire, towage, and cleaning fees. Mot. at ¶¶ 27–28, 38. In support of this figure, McDonough presents the Court with a copy of the Agreement, Charter Orders, a spreadsheet detailing the amount of unpaid invoices, and an affidavit from a corporate

representative of McDonough. Such evidence is sufficient to show that HALO owes McDonough a total of $139,841.32 in actual damages—$109,008.81 for unpaid charter hire, $28,132.51 for towage fees, and $2,700.00 for cleaning fees. *See CMA CGM S.A. v. Dubitec America, Inc.*, No. 2:14-cv-608, 2015 WL 5837571, at *3 (E.D. Va. Oct. 2, 2015). Accordingly, the Court will award McDonough $139,841.32 in actual damages.

    2. Interest

McDonough also seeks both pre- and post-judgment interest. Compl. at 7. When a money judgment is obtained in a civil case, "federal law mandates the awarding of post-judgment interest." *CMA CGM S.A.*, 2015 WL 5837571, at *4 (quoting *Quesinberry v. Life Ins. Co. of N.A.*, 987 F.2d 1017, 1031 (4th Cir. 1993) (then citing 28 U.S.C. § 1961)) (internal quotation marks omitted). "Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding." § 1961(a). This statute applies to admiralty cases. *See CMA CGM S.A.*, 2015 WL 5837571, at *4 (citing *Gele v. Wilson*, 616 F.2d 146, 148 (5th Cir. 1980)). As to pre-judgment interest, the Court has discretion to grant or deny an award of pre-judgment interest in admiralty cases. *Id.* (quoting *Ameejee Valleejee & Sons v. M/V Victoria U.*, 661 F.2d 310, 313 (4th Cir. 1981)). Though "[u]nder maritime law, the awarding of prejudgment interest is the rule rather than the exception, and, in practice, is well-nigh automatic." *Id.* (quoting *U.S. Fire Ins. Co. v. Allied Towing Corp.*, 966 F.2d 820, 828 (4th Cir. 1992)). Here, the Agreement provides that "[i]nterest shall accrue on all unpaid charter hire at the rate of 1.5% per month, 30 days after the date due." Agreement ¶ 2(B). The Court therefore finds an award of pre-judgment interest at a rate of 1.5% as well as post-judgment interest at the statutory rate to be appropriate.

3. Attorneys' Fees

Finally, McDonough seeks $50,321.85 in attorneys' fees. Mot. ¶¶ 21, 38. As a general rule, "[t]he prevailing party in an admiralty case is not entitled to recover its attorneys' fees." *Natco Ltd. P'Ship v. Moran Towing of Fla., Inc.*, 267 F.3d 1190, 1193 (11th Cir. 2001) (citing *Noritake Co. v. M/V Hellenic Champion*, 627 F.2d 724, 730 (5th Cir. 1980)). However, exceptions to this rule exist, such as when the parties contract to provide for the indemnification of attorneys' fees. *Id.* (citing *Noritake*, 627 F.2d at 730, 730–31 n.5); *see also Dann Marine Towing, LC v. Gen. Ship Repair Corp.*, No. MJG-12-1610, 2017 WL 3916992, at *26 (D. Md. Sept. 7, 2017) (finding an award of attorneys' fees inappropriate, but citing the general rule that "absent express statutory authorization or *enforceable contractual commitment to the contrary*, each party to a lawsuit ordinarily shall bear its own attorney's fees") (emphasis added) (cleaned up). Here, the Agreement includes an attorneys' fees provision, in which HALO agreed that should McDonough "retain an attorney or seek recourse in a court of law for the purpose of enforcing any terms of [the] Agreement, or to collect any sums due thereunder . . . then [McDonough] shall be entitled to recover all reasonable attorneys' fees, expenses, and costs, incurred by [McDonough] from [HALO]." Agreement ¶ 16(B). The agreed-upon provision clearly entitles McDonough to recover reasonable attorneys' fees from HALO in a circumstance such as the one before the Court.

While a district court has the discretion to determine a reasonable award of attorneys' fees, *see Carroll v. Wolpoff & Abramson*, 53 F.3d 626, 628–29 (4th Cir. 1995), the analysis must start with a calculation of the lodestar figure, *Grissom v. Mills Corp.*, 549 F.3d 313, 320 (4th Cir. 2008). The lodestar figure is calculated "by multiplying the number of reasonable hours expended times a reasonable rate." *Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243 (4th Cir. 2009). "To ascertain what is reasonable in terms of hours expended and the rate charged, the court is bound

to apply the factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974)." *McAfee v. Boczar*, 738 F.3d 81, 88 (4th Cir. 2013) (citing *Robinson*, 560 F.3d at 243–44). "Next, the court must 'subtract fees for hours spent on unsuccessful claims unrelated to successful ones.'" *Id.* (quoting *Robinson*, 560 F.3d at 244). "Finally, the court should award 'some percentage of the remaining amount, depending on the degree of success enjoyed by the plaintiff.'" *Id.* (quoting *Robinson*, 560 F.3d at 244).

Here, the Court cannot calculate the lodestar figure because McDonough has failed to demonstrate the reasonableness of its hourly rate. "To demonstrate the reasonableness of the hourly rate, the party requesting attorneys' fees must submit, '[i]n addition to the attorneys' own affidavits, . . . satisfactory specific evidence of the prevailing market rates in the relevant community for the type of work for which he seeks an award.'" *Bickley v. Gregory*, No. 2:16-cv-131, 2016 WL 6306148, at *9 (E.D. Va. Oct. 7, 2016) (quoting *Grissom*, 549 F.3d at 321). Here, the attorneys submitted neither affidavits attesting to the reasonableness of their fees nor any evidence of prevailing market rates of attorneys in the Eastern District of Virginia who perform similar work. Because of this absence of evidence, the Court cannot assess the reasonableness of McDonough's requested attorneys' fees and therefore cannot award them.

The Court can, however, award McDonough, as the prevailing party, its costs. *See* Fed. R. Civ. P. 54(d)(1). McDonough lists the following costs associated with litigating this matter: the filing fee, process server fees, document reproduction charges, and PACER charges. ECF No. 21-7 at 8. The Court finds these amounts to be reasonable and awards McDonough $817.85 in costs.

## IV. CONCLUSION

Plaintiff's Motion for Default Judgment is GRANTED. The Court enters default judgment *in personam* under Fed. R. Civ. P. 55(b)(2) and *quasi in rem* pursuant to Fed. R. Civ. P. Suppl.

Admiralty R. B(2)(a), (b) & (c) in McDonough's favor and against HALO, in the amount of $140,659.17, which is comprised of $139,841.32 in money damages plus $817.85 in costs, plus pre-judgment interest at a rate of 1.5% as well as post-judgment interest at the statutory rate. The Court DENIES McDonough's request for attorneys' fees.

The Clerk is DIRECTED to send a copy of the Memorandum Order to Defendant, the director of the United States Patent and Trademark Office, and all counsel of record.

IT IS SO ORDERED.

/s/
Elizabeth W. Hanes
United States District Judge

Norfolk, Virginia
Date: May 8, 2025